Electronically Filed by Superior Court of California, County of Orange, 02/13/2024 03:49:05 PM.
30-2024-01379096-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.
Case 8:24-cv-01084-JVS-DFM Document 1-2 Filed 05/21/24 Page 2 of 24 Page ID #:61

Jihad M. Smaili, Esq. [262219]
Stephen D. Counts, Esq. [231348]
**SMAILI & ASSOCIATES, PC**
2114 North Broadway, Suite 200
Santa Ana, California 92706
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com
stephen@smaililaw.com

Attorneys for Plaintiff
ROBBY MACDONALD

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| ROBBY MACDONALD, an individual;<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 30-2024-01379096-CU-WT-CJC<br><br>Assigned for all purposes to the<br><br>Judge Nico Dourbetas<br><br>**COMPLAINT:**<br>1. Discrimination in Violation of Gov. Code §12940 *et seq.*<br>2. Failure to Accommodate in Violation of Gov. Code § 12940(m)<br>3. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)<br>4. Age Discrimination in Violation of Gov. Code §12940 *et seq.*<br>5. Sexual Orientation Discrimination in Violation of Gov. Code §12940 *et seq.*<br>6. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)<br>7. Retaliation in Violation of Gov. Code §12940(h)<br>8. Wrongful Termination<br>9. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED JURISDICTION** |

COMPLAINT

1

Plaintiff Robby MacDonald (hereinafter "Plaintiff") alleges as follows:

## THE PARTIES

1.     At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant The Boeing Company, (hereinafter "Boeing"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Orange.  Plaintiff is further informed and believes and thereon alleges that Boeing was transacting business in the County of Orange, State of California, at the time claims of Plaintiff arose.  At all times relevant, Boeing was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.     Each reference in this complaint to "Defendant" and/or "Defendants" refers to Boeing, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this

Complaint.   Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.   Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint.   Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.   Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.   Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

**VENUE AND JURISDICTION**

9.     Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Orange, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Orange, State of California.

**FACTUAL BACKGROUND**

10.     On or about November 25, 1998, Defendant hired Plaintiff as a supplier program manager. His job duties included, but were not limited to, repairing satellites. At 63 years of age, Plaintiff worked hard and earned an hourly wage of $105.16.

11.     On or about February 25, 2022, Plaintiff had a case of severe acid reflux which was so painful he thought he was having a heart attack.

12.     Accordingly, Plaintiff was disabled within the meaning of *Gov't Code* §12926 because Plaintiff's condition limited Plaintiff from performing major life activities, including, without limitation, working.

13.     Plaintiff immediately reported the incident to Defendant and was given six (6) months off. Although Defendant knew or should have known about Plaintiff's work-related disability, Defendant failed to engage in a good faith interactive process and failed to provide an accommodation.

14.     Plaintiff also suffers from severe double vision. This condition likewise constitutes a disability within the meaning of *Gov't Code* §12926 because Plaintiff's condition limited Plaintiff from performing major life activities, including, without limitation, working.

15.     Due to the repetitive and physical nature or his job duties, Plaintiff suffered from severe pain in his hands, wrist, elbow, and neck.

16.     Accordingly, Plaintiff was disabled within the meaning of *Gov't Code* §12926 because Plaintiff's work-related injuries limited Plaintiff from performing major life activities, including, without limitation, working.

17.     Plaintiff received several work restrictions from his doctor, including limiting his drives to less than 10 miles per day and providing for an ergonomic desk and keyboard. Despite informing Defendant, Defendant did not abide by Plaintiff's work restrictions. Although Defendant knew or should have known about Plaintiff's work-related disability, Defendant did not provide workers' compensation paperwork, did not engage in a good faith interactive process, and did not provide a reasonable accommodation.

18.     Plaintiff endured a hostile work environment where he suffered discrimination, harassment, and mistreatment by Defendant and its agents. Plaintiff was discriminated against on the basis of his age and perceived sexual orientation.

19.     Plaintiff was constantly pushed to retire by his supervisor, Paul Bell ("Paul"). Paul repeatedly asked him, "When are you going to retire?" Paul also told Plaintiff that "The program is no good for you. Get your stuff and get out!" When Plaintiff asked him if he was being fired, Paul responded, "Oh I heard you wanted to retire."

20.     In or around January 2022, an HR representative told Plaintiff that Defendant was trying get rid of the older male employees and replace them with younger female employees.

21.     Plaintiff was required to periodically travel to Alabama by Defendant. There, Defendant's agents subjected him to all kinds of harassment. These company officers said Plaintiff was from "the land of fruits and nuts," a pejorative euphemism for homosexuals and hippies. They also said that everyone from California "is gay" and that Plaintiff was "not one of us." Plaintiff complained to HR about this harassment on the basis of his perceived sexual orientation, but Defendant did nothing to stop or address this harassment.

22.     On or about June 14, 2022, Defendant terminated Plaintiff. Defendant terminated Plaintiff, upon information and belief, in retaliation against requests for accommodation and perceived filing for workers' compensation, and in discrimination

against his disability, age, and perceived sexual orientation, and in retaliation for his complaints about his work environment, including the harassment he faced on the basis of his age and perceived sexual orientation.

23.   Plaintiff suffered from harassment, discrimination, retaliation, and ultimately termination on the basis of his disability, age, perceived sexual orientation requesting accommodation, and engagement in protected activity. Further, Defendant utterly failed to provide workers' compensation paperwork, failed to engage in a good faith interactive process, and failed to offer any reasonable accommodation.

24.   Before filing this lawsuit, Plaintiff exhausted his administrative remedies by timely filing a complaint with the California Civil Rights Department (CCRD) and receiving a right-to-sue notice, dated July 20, 2023.

## FIRST CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF
## CALIFORNIA GOVERNMENT CODE § 12940 et seq.
### (Against All Defendants)

25.   Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

26.   California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.  FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

27.   Plaintiff has a disability as alleged above.

28.   Defendant was aware of Plaintiff's disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Smalt & Associates, P.C.

29.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

30.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

31.     Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

32.     As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000).

33.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

34.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

35.     Defendant, and each of them, failed to offer counseling or comfort to

COMPLAINT

Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

36.      Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

37.      Plaintiff is informed and believes and thereon alleges that his disability was a motivating factor in the decision of Defendant to discriminate against him and terminate him.

38.      The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

39.      The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

40.      Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## SECOND CAUSE OF ACTION

## FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF

## CALIFORNIA GOVERNMENT CODE § 12940(m)

### (Against All Defendants)

41.      Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42.      Plaintiff has a disability as alleged above.

43.      Defendant was aware of Plaintiff's disability, as alleged above and herein.

44.     Defendant failed and refused to accommodate Plaintiff's needs, and, failed and refused to engage in an interactive process with Plaintiff, and, failed to address Plaintiff's needs in light of his disabilities.

45.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

46.     Defendant's failure to accommodate Plaintiff, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

47.     As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, in an amount of at least three hundred thousand dollars ($300,000), and no more than three million dollars ($3,000,000), all subject to proof at the time of trial.

48.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

49.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

COMPLAINT

Smith & Associates, P.C.

50.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

51.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

52.     Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against him and ultimately terminate him.

53.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

54.     The conduct of Defendant as alleged hereinabove was done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

55.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## THIRD CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

### (Against All Defendants)

56.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

57.     Plaintiff has a disability as alleged above.

58.     Defendant was aware of Plaintiff's disability, as alleged above and herein.

59.     Defendant failed and refused to engage Plaintiff in an interactive process designed to unite Plaintiff with his job.

60.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

61.     Defendant's failure to engage with Plaintiff in an interactive process, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

62.     As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all in an amount no less than three hundred thousand dollars ($300,000), and no more than three million dollars ($3,000,000), subject to proof at the time of trial.

63.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

64.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

COMPLAINT

65.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

66.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

67.     Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against him and ultimately terminate him.

68.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

69.     The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

70.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## FOURTH CAUSE OF ACTION

### AGE DISCRIMINATION

### IN VIOLATION OF GOV. CODE § 12940 *et seq.*

### (Against all Defendants)

71.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

72.     At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in

full force and effect and were binding on Defendant.  These sections require Defendant to refrain from discriminating against any employee over the age of 40 because of their age.

73.     At the time of Plaintiff's termination and at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40. Plaintiff is informed and believes and thereon alleges that after years of wholly satisfactory, competent and diligent performance to the profit of Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional and willful.

74.     Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

75.     Defendant was aware of Plaintiff's age, as herein alleged, because Plaintiff maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's birth and his corresponding age.

76.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

77.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to discriminate against him, and in fact, discriminated against Plaintiff.

78.     Defendants' discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

79.     As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

80.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

81.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

82.     Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

83.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees over the age of 40.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

84.     The outrageous conduct of Defendant, and each of them was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

85.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't Code §12900 *et seq*.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Smith & Associates, P.C.

# **FIFTH CAUSE OF ACTION**

## **PERCEIVED SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 *ET SEQ.***

### **(Against All Defendants)**

86.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

87.    California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.   FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

88.    Plaintiff was perceived by Defendant and its agents to be homosexual as alleged above.

89.    At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

90.    Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's perceived sexual orientation, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

91.    Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's perceived sexual orientation in violation of FEHA, and particularly *Gov't Code* §12940(a).

92.    As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars.

93.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation and anxiety all to Plaintiff's damage in an amount subject to proof at trial.

94.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

95.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

96.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees who are homosexual.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

97.    Plaintiff is informed and believes and thereon alleges that Plaintiff's perceived sexual orientation was a motivating factor in the decision of Defendant to discriminate against and terminate Plaintiff.

98.    The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

COMPLAINT

99.     The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

100.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

**SIXTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION IN VIOLATION**

**OF CALIFORNIA GOVERNMENT CODE § 12940(k)**

**(Against All Defendants)**

101.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

102.     During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of his disability, age, perceived sexual orientation, and engagement in protected activity in violation of *Government Code* §12940(k).

103.     As a direct result of the wrongful conduct of Defendant, Plaintiff suffered, and continues to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time trial, including special and general damages.

104.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received all to his damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

105.     Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents

COMPLAINT

17

of Defendant.

106.    As a proximate result of the wrongful conduct of Defendant, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

107.    These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.    The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

108.    Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF
### CALIFORNIA GOVERNMENT CODE §12940(h)
### (Against All Defendants)

109.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

110.    At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant.  This statute requires Defendant to refrain from retaliating against Plaintiff.

111.    Plaintiff is informed and believes and thereon alleges that as a consequence of requesting disability accommodations and medical treatment, lodging complaints about harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's disability, age, and perceived sexual orientation, Defendant took retaliatory action against Plaintiff by failing to determine the essential functions of Plaintiff's job, mistreating Plaintiff, denying Plaintiff advancement and promotion, and ultimately terminating Plaintiff.

112.    Defendant unlawfully retaliated against Plaintiff after he engaged in

protected activity including requesting disability accommodations, medical treatment, and lodging workplace complaints related to harassment and discrimination that he was facing, and other complaints of a hostile and unsafe working environment.

113. As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff's earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, and sleep dysfunction, all to Plaintiff damage in a sum according to proof.

114. These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

115. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

## EIGHTH CAUSE OF ACTION
### WRONGFUL TERMINATION
### (Against All Defendants)

116. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

116. Defendant was aware of Plaintiff's age and that he suffered from a disability. Further, Defendant perceived Plaintiff to be homosexual. Further, Defendant was aware of Plaintiff's complaints about his workplace environment.

117. *Labor Code* §232.5 makes it illegal for an employer to prohibit an employee from discussing their working conditions.

118. *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

119.   *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

120.   *Gov't Code* §12940 *et seq.*, prohibits forms of discrimination against protected classes of employees.

121.   Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to discriminate against him because: (i) he suffered from a disability, (ii) he is over the age of 40, (iii) he was perceived by Defendant to be homosexual, and (iv) he lodged complaints about his working environment.

122.   Plaintiff is informed and believes and thereon alleges that these factors made up Defendant's decision to terminate Plaintiff and/or played an important and integral role in said decision.  Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

123.   As a proximate result of Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, and loss of sleep/sleep dysfunction, all to his damage in a sum according to proof.

124.   In light of Defendants' willful, knowing, and intentional discrimination against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## NINTH CAUSE OF ACTION

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.***

**(Against All Defendants)**

125.   Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

126.   Defendant, and each of them, have engaged in unfair and unlawful

business practices as set forth above.

127.   Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

128.   By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

129.   Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

130.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that he would have received as an employee of Defendant, and each of them.

131.   Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000);

2.  For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3.  For pre-judgment and post-judgment interest, according to proof;

4.  For punitive and exemplary damages, according to proof;

5.  For attorneys' fees, according to proof and statute;

6.  For costs of suit incurred herein;

7.  For such other relief that the Court may deem just and proper.

Dated: February 13, 2024                **SMAILI & ASSOCIATES, P.C.**

By:  /s/ Jihad M. Smaili
       Jihad M. Smaili, Esq.
       Stephen D. Counts, Esq.
       Attorneys for Plaintiff
       ROBBY MACDONALD

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: February 13, 2024                    **SMAILI & ASSOCIATES, P.C.**


By:  */s/ Jihad M. Smaili*
　　　Jihad M. Smaili, Esq.
　　　Stephen D. Counts, Esq.
　　　Attorneys for Plaintiff
　　　ROBBY MACDONALD

COMPLAINT

23